UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVORA MARIA GONZALEZ,

       Plaintiff,

v.                                                    CASE NO. 8:19-cv-913-T-TGW

ANDREW M. SAUL,
Commissioner of Social Security,

       Defendant.

_____

## O R D E R

The plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits.[1]   Because the decision of the Commissioner of Social Security fails to evaluate the credibility of the plaintiff's testimony regarding a potentially disabling side effect of medication, the decision will be reversed and the matter remanded for further consideration.

## I.

The plaintiff, who was sixty-one years old at the time of the administrative hearing and who has a college degree, has worked as a special

_____

[1]The parties consented to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 11).

education teacher (Tr. 44, 64). She filed a claim for Social Security disability benefits, alleging that she became disabled due to depression; anxiety; bipolar disorder; diabetes, type 2; obesity; stroke/CVA; high cholesterol and hypertension (Tr. 64). The plaintiff's claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a _de novo_ hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of diabetes mellitus; polyneuropathy; osteoarthritis; hypertension; obesity; post-traumatic stress disorder (PTSD); major depressive disorder and bipolar disorder (Tr. 20). The law judge determined, with those impairments, the plaintiff had the following residual functional capacity (Tr. 22):

> [She could] perform medium work as defined in 20 CFR 404.1567(c) except she remains able to perform only unskilled, specific vocational preparation (SVP) 1 or 2 work involving just simple, routine, repetitive tasks, no more than occasional interaction with co-workers, and no more than occasional changes in work setting.

The law judge concluded that, with this residual functional capacity, the plaintiff was unable to perform her past relevant work (Tr. 24). However, based on the testimony of a vocational expert, the law judge determined that the plaintiff could do other jobs that exist in significant

numbers in the national economy, such as laundry worker, hand packager and floor worker (Tr. 24–25). Consequently, the law judge found that the plaintiff was not disabled (Tr. 25). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner of Social Security.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

4

III.

The plaintiff asserts two challenges to the law judge's decision (Doc. 19). The first contention requires reversal because the law judge failed to evaluate the plaintiff's complaint of side effects caused by diabetes medication (id., pp. 5–6).

The plaintiff takes several medications (see, e.g., Tr. 604). She has uncontrolled diabetes mellitus, for which she injects insulin and also takes Glipizide, an oral diabetes medication (see id.; Tr. 53). In response to her attorney's question whether the plaintiff had side effects from her medications, they had the following exchange (Tr. 53–54):

A:  Yes. I have to take [G]lipizide for the sugar....

Q:  Just tell us what side effects you have.

A:   And I'll get diarrhea, and then I get [INDISCERNABLE] you say I'm going to go to the bathroom and you make it to the bathroom. I could be sitting here and have diarrhea. So if I went on the job, it happens to me in front of everybody.

Q: So you have accidents?

A:  Yes.  So that's why I don't go out in public.

Q:  How often do you have accidents?

A:  All the time because it's [INDISCERNABLE] take the medicine, I have the diarrhea.

Q:  Do you have to wear protective garments?

A:  Sometimes I wear old-people underwear....

Notably, the plaintiff complained to her doctor that two other oral diabetes medications (Metformin and Glucovance) caused diarrhea (see Tr. 603, 604, 612, 613, 619).  Her physician had most recently prescribed Glipizide in place of the Glucovance (see Tr. 33, 603–04).

The law judge did not mention the plaintiff's complaint of this medication side effect, much less evaluate it.  The Eleventh Circuit, citing Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir. 1981), stated that the law judge has a duty to investigate the possible side effects of medications taken by a claimant.  McDevitt v. Commissioner of Social Security, 241 Fed. Appx. 615, 619 (11th Cir. 2007).  Thus, the court has recognized that "[i]t is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability."  Cowart v. Schweiker, supra, 662 F.2d at 737.  Moreover, the Social Security regulations direct the law judge to consider the side effects of medication.    20 C.F.R. 404.1529(c)(3)(iv).  Consequently, the failure to conduct an evaluation of possible side effects of medication was determined to be reversible error in McDevitt v. Commissioner of Social Security, supra.

6

The same error is present here because the law judge failed to evaluate the plaintiff's testimony that she has fecal incontinence as a side effect of her diabetes medication.  Notably, I have found reversible error in several cases due to the failure to evaluate allegations of side effects of medications.  See Faircloth v. Astrue, No. 8:12-cv-107-T-TGW, 2013 WL 461799 at **2–3; Lowman v. Astrue, No. 8:08-cv-1214-T-TGW, 2009 WL 2134920 at *3 (citing cases).  Significantly, the law judge did not even mention the plaintiff's testimony regarding diarrhea in his summary of the plaintiff's alleged symptoms and impairments (see Tr. 23).  In all events, no reason was given for discounting the plaintiff's testimony about this medication side effect.

The Commissioner does not dispute that the law judge failed to address the alleged medication side effect.  Rather, he argues that the law judge gave an adequate explanation for discounting the plaintiff's subjective complaints and that he "is not required to discuss every piece of evidence in his decision" (Doc. 21, p. 11, citing Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005)).

This contention might have some force if the law judge had acknowledged the plaintiff's complaint of a medication side effect, but he did not.  Further, there is nothing in the credibility determination, or

7

anywhere else in the decision, which indicates the law judge considered that complaint (see Tr. 23).  See Brown v. Commissioner of Social Security, 442 Fed. Appx. 507, 513 (11th Cir. 2011) ("the implication [must be] obvious to the reviewing court").  Thus, the law judge reasoned in his credibility determination that the plaintiff's allegations of disabling impairments were inconsistent with her normal physical examination findings, conservative treatment, non-compliance with medication, and activities such as caring for her mother and making videos (Tr. 21–23).  None of these reasons apply to the plaintiff's allegation of medication side effects.  To the contrary, non-compliance with medication arguably supports the plaintiff's allegation because she reported at times that she did not take her diabetes medication due to side effects. Consequently, from all that appears, the law judge simply overlooked the plaintiff's allegation of this medication side effect.

Furthermore, although "[a]n ALJ is not required to refer specifically to each piece of evidence in the record ... [he] must sufficiently explain the weight given to "obviously probative exhibits." Cooper v. Commissioner of Social Security, 521 Fed. Appx. 803, 808 (11th Cir. 2013), quoting Cowart v. Schweiker, supra, 662 F.2d at 735.  As discussed, there is no indication in the decision that the law judge considered the plaintiff's medication side effect testimony, and this deficiency was critical because, if

her testimony were accepted that her medication causes fecal incontinence, it could affect the plaintiff's ability to work. The law judge therefore had a duty to make an express credibility determination regarding that testimony. See Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (law judge must state explicit and adequate reasons for discounting subjective symptoms). Accordingly, remand of this matter is warranted.

This result is unsatisfying. The plaintiff's contention is in the nature of a "gotcha" argument; there was no convincing showing of a disabling condition. Nevertheless, well-settled principles of the Eleventh Circuit require the law judge to evaluate side-effects of medication. For whatever reason, the law judge did not demonstrate that he did that here.

The plaintiff's second argument is that the law judge's decision "did not consider work activities and environments the claimant should avoid because of her medical conditions and the medications she was taking" (see Doc. 19, p. 6). However, in light of the remand, this issue is appropriately pretermitted, particularly because, as the plaintiff concedes (id.), she did not develop that position at the administrative hearing.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED** and

the matter remanded for further proceedings.  The Clerk shall enter judgment

in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this ___15th___ day of

May, 2020.

_____

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE